UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYTON S.,<br><br>           Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>           Defendant. | Case No.: 20cv0642-MDD<br><br>**ORDER DENYING PLAINTIFF'S MERITS BRIEF**<br><br>[ECF No. 17] |

Layton S. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Period of Disability and Disability Insurance Benefits under Title XVI of the Social Security Act ("Act").  (AR 15-28)[1].  For the reasons expressed herein, the Court **DENIES** Plaintiff's Merits Brief.

**I.     BACKGROUND**

Plaintiff was born in September 1960.  (AR 23).  On the alleged disability onset date, September 19, 2014, Plaintiff was categorized as a

---

[1] "AR" refers to the Certified Administrative Record filed on June 29, 2020.  (ECF No. 15).

person closely approaching advanced age because he was 54 years old. 20 C.F.R. § 404.1563, 416.963. Plaintiff was 56 years old when the instant application was filed on December 30, 2016, which categorized him as a person of advanced age. (AR 189-91).

### A. Procedural History

On December 30, 2016, Plaintiff filed an application for disability insurance benefits under Title II and Part A of Title XVIII of the Act, alleging a disability beginning on September 19, 2014. (AR 190). After his application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 137-38). An administrative hearing was held on October 10, 2018. (*See* AR 90-107). Plaintiff appeared and was represented by attorney Lisa Mouradian at the hearing. (AR 185). Testimony was taken from Plaintiff and Connie Guillory, an impartial vocational expert ("VE"). (*See* AR 90-107). On January 8, 2019, the ALJ issued a decision denying Plaintiff's claim for a period of disability and disability insurance benefits. (AR 15-24).

On March 5, 2019, Plaintiff sought review with the Appeals Council. (AR 187-88). On February 10, 2020, the Appeals Council denied Plaintiff's request for review and declared the ALJ's decision to be the final decision of the Commissioner of Social Security in Plaintiff's case. (AR 1-6). This timely civil action followed.

## II. DISCUSSION

### A. Legal Standard

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is

supported by substantial evidence and contains no legal error. *Id.*; *see also Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence "is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Courts look "to an existing administrative record and ask[] whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence, [the Supreme Court] has said, is 'more than a mere scintilla.' It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Ninth Circuit explains that substantial evidence is "more than a mere scintilla but may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012) (quotation marks and citations omitted), *superseded by regulation on other grounds*.

An ALJ's decision is reversed only if it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id.* "To determine whether substantial evidence supports the ALJ's determination, [the Court] must assess the entire record, weighing the evidence both supporting and detracting from the agency's conclusion." *Ahearn v. Saul,* No. 3:18-cv-05699-MLP, 2021 U.S. App. LEXIS 4472, at *5 (9th Cir. Feb. 17, 2021) (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The Court "may not reweigh the evidence or substitute [it's] judgment for that of the ALJ." *Id.* "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence can rationally be interpreted in more than one way, the court

must uphold the [ALJ's] decision." *Mayes*, 276 F.3d at 459.

Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id*.

### B. Summary of the ALJ's Findings

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 19, 2014. (AR 17).

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative changes in the lumbar spine and obesity. (AR 18).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 19) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)).

Next, after considering the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: "[T]he claimant can occasionally climb stairs and ramps but should never climb ropes, ladders, or scaffolds; he can occasionally stoop, kneel, crouch, or crawl; and he should avoid concentrated exposure to unprotected heights and moving dangerous machinery." (AR 19). Light work involves "lifting and carrying 20 pounds occasionally and ten pounds frequently, sitting for six hours out of eight; and standing/walking for six hours out of eight." (*Id.*); *see also* 20 CFR 404.1567(b).

The ALJ stated that his RFC assessment was based on all the evidence and the extent to which Plaintiff's symptoms are consistent with the objective medical evidence and other evidence. (AR 19). The ALJ also stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527. (*Id.*).

The ALJ then proceeded to step four of the sequential evaluation process. He found Plaintiff was not able to perform his past relevant work. (AR 22). For the purposes of his step five determination, the ALJ accepted the testimony of the VE. (*Id.*). The VE identified the jobs of food assembler (DOT No. 319.484-010); short order cook (DOT No. 313.374-014); and food sales clerk (DOT No. 290.477-018) as jobs Plaintiff could perform, and which exist in significant numbers in the national economy. (AR 23-24). The ALJ therefore found that Plaintiff was not disabled. (AR 24).

### C. Issues in Dispute

The issues in dispute are: (1) whether the skills obtained from Plaintiff's past work are transferable to the occupations identified by the VE; and (2) whether a person with Plaintiff's RFC could work as a short order cook or food assembler.[2]

#### 1. Substantial Evidence Supports that Plaintiff's Skills are Transferable to a Food Sales Clerk Occupation

Plaintiff argues that the skills obtained from his past occupation as head cafeteria cook do not transfer to a food sales clerk occupation. (ECF No. 17 at 6-9). According to Plaintiff, under the Program Operations Manual System ("POMS"), "the Commissioner directs the search for occupations

---

[2] Defendant argues Plaintiff waived both arguments. In light of the Court's resolution of the case on the merits, the Court declines to address Defendant's waiver argument.

related to the claimant's past relevant work using the *same or similar*: guide for occupational exploration (GOE) code; materials, products, subject matter, and services (MPSMS) code; work field (WF) code; occupation group (first three digits of DOT code); or industry designation." (*Id*. at 7). Starting with the DOT codes for Plaintiff's past relevant occupation as head cafeteria cook and the proposed occupation of food sales clerk, Plaintiff provides the corresponding GOE, MPSMS, WF, and Occupation Group codes, and Industry Designations. (*Id*. at 8). Plaintiff juxtaposes the data to show that none of the codes or designations are the same or similar. (*Id*. at 8-9).

"POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." *Lockwood v. Comm'r SSA*, 616 F.3d 1068, 1073 (9th Cir. 2010) (citing *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003); *see also Barajas v. Colvin,* No. CV 15-1208-SP, 2016 U.S. Dist. LEXIS 102008, at *16-17 (C.D. Cal. Aug. 3, 2016) ("[Plaintiff] argues the ALJ failed to follow the transferability of skills analysis ('TSA') as set forth in the agency's Policy Operations and Manual System ('POMS') manual….But POMS 'does not impose judicially enforceable duties on either this court or the ALJ.'") (*citing Lockwood*, 616 F.3d at 1073). Plaintiff's argument fails because the ALJ has no legal duty to follow POMS. Additionally, courts have rejected similar code-based transferability of skills arguments. *See Danaian v. Saul*, No. 2:18-cv-5261-SK, 2019 U.S. Dist. LEXIS 197964, at *3-4 (C.D. Cal. Nov. 13, 2019) (collecting cases rejecting argument that skills are not transferable where the occupations do not have matching materials, products, subject matter, and services (MPSMS) codes or work field (WF) codes.); *Engel v. Colvin*, No. SACV 14-01989-JEM, 2015 U.S. Dist. LEXIS 144467, at *13 (C.D. Cal. Oct. 23, 2015).

To the extent the POMS provides persuasive authority, it does not

establish a conflict between the VE's testimony and the DOT.  To establish a conflict, the difference between a vocational expert's testimony and information in the DOT "must be obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).  The transferability of skills "depends largely on the similarity of occupationally significant work activities among different jobs." 20 C.F.R. § 404.1568(d)(1).

A plain reading of the DOT reveals similarities between Plaintiff's past occupation as head cafeteria cook, DOT 313.131-018 ("Supervises and coordinates activities of workers engaged in preparing, cooking, and serving food…"), and the food sales clerk, DOT 290.477-018 occupation ("Fills customer order, performing duties such as obtaining items from shelves, freezers, coolers, bins, tables, or containers; cleaning poultry; scaling and trimming fish; slicing meat or cheese, using slicing machine; preparing take-out sandwiches and salads; dispensing beverages; and warming food items in oven.").  Due to understaffing, Plaintiff often filled in for workers he supervised as head cafeteria cook. (AR 100).  Plaintiff testified that he moved cases of fruit, cut meats, and obtained items from the freezer.  (AR 100-01).  As such, the two positions share similar occupationally significant work activities and there is no obvious or apparent conflict between the VE's testimony and the DOT.

Moreover, the ALJ appropriately identified the acquired work skills that are transferable to specific occupations.  *See* SSR 82-41, 1982 SSR LEXIS 34, at *19; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1223 (9th Cir. 2009).  Based on the testimony of the VE, the ALJ found Plaintiff obtained the following skills from his past relevant work as head cafeteria cook: preparing, cooking, and serving food; maintaining daily records; supervising employees; and assisting customers.  (AR 23).  The ALJ cited the

positions of food assembler, short order cook, and food sales clerk as "occupations which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant and which require skills acquired in the claimant's past relevant work but no additional skills." (AR 23-24). The ALJ also determined the VE's testimony was consistent with the DOT. (AR 24, 105).

Based on the foregoing, the ALJ properly relied on the VE's identification of the food sales clerk occupation as one to which Plaintiff's skills are transferable. Accordingly, the ALJ's decision is supported by substantial evidence.[3]

### 2. Substantial Evidence Supports that Plaintiff Can Work as a Short Order Cook or Food Assembler Given His RFC

Plaintiff provides information from the 2018 ORS Dataset to argue that substantial evidence does not support that Plaintiff can perform the short order cook or food assembler positions given his residual functional capacity. (ECF No. 17 at 14-15). The ALJ determined that Plaintiff's RFC allows him to perform light work, which permits standing/walking for up to 6 hours out of 8, with additional limitations. (AR 19). Plaintiff uses information in the 2018 ORS Dataset to argue that he could not work as a short order cook or food assembler when limited to six hours of standing/walking in an eight-hour day. (ECF No. 17 at 12). Plaintiff contends that the ORS Dataset has

---

[3] Plaintiff also argues that the remaining two occupations identified by the VE do not constitute a significant range of occupations to which Plaintiff's skills transfer and therefore contends that a finding of disabled is warranted under Rule 202.07, incorporating Rule 202.00(c). (ECF No. 17 at 9-11). The Court does not address the remainder of Plaintiff's argument as the Court finds Plaintiff's skills were transferable.

1 been more recently updated than the "antiquated DOT" and therefore better
2 describes work as it exists in the national economy today. (*Id.* at 18).

3 ALJs have a duty to resolve apparent conflicts between VE testimony
4 and the DOT. SSR 00-4p, 2000 SSR LEXIS 8. Courts have refused to extend
5 this duty to other sources of occupational data, including the ORS. *See Long
6 v. Berryhill*, No. 19-cv-02669-RMI, 2020 U.S. Dist. LEXIS 169787, at *33
7 (N.D. Cal. Sep. 16, 2020). The ORS is a governmental publication, but is not
8 even named in the regulations. *Id.* "[T]he court is not inclined to create a
9 duty that an ALJ must *sua sponte* identify any relevant, permissible sources
10 of employment data, take administrative notice of such data, and determine
11 and resolve any discrepancies between those sources, the VE testimony, and
12 the DOT." *Id.* at *33-34 (finding ALJ did not err with regard to alleged
13 discrepancies between the ORS, DOT, and VE's testimony). *See also Rosalie
14 M. M. v. Saul*, 2020 U.S. Dist. LEXIS 166816, at *6 (rejecting Plaintiff's
15 argument that the standing/walking requirements provided by the 2017 ORS
16 Dataset undermined the VE's testimony because the ALJ "was not obligated
17 to reconcile conflicts between the VE's testimony and the ORS.").

18 Moreover, Plaintiff does not challenge the VE's methodology or
19 qualifications. Instead, Plaintiff provides a lay assessment of an alternative
20 source—the 2018 ORS Dataset—to challenge the reliability of the VE's
21 testimony and argue that substantial evidence does not support the decision.
22 Especially when submitted alone, lay assessments of statistical data do not
23 suffice to undermine a VE's analysis, and such attempts have been uniformly
24 rejected. *See e.g., Jose Alfredo G. v. Saul*, No. 3:19-cv-00852-RBM, 2019 U.S.
25 Dist. LEXIS 211076, at *16 (S.D. Cal. Dec. 5, 2019) (collecting cases).

26 Accordingly, the ALJ did not err in relying on the VE's testimony that
27 Plaintiff could perform the short order cook and food assembler positions

given his residual functional capacity.  Substantial evidence supports the ALJ's decision.

### III.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion and **AFFIRMS** the ALJ's decision.  The Clerk of Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated:   February 19, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge